IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV288-1-MU

| | |
|---|---|
| CHARLES CARSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| THEODIS BECK, Secretary, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court upon initial review of the Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1); Petitioner's Application to Proceed In Forma Pauperis (Doc. No. 1-2); and Petitioner's Motion for Leave for Discovery (Doc. No. 2), all filed June 20, 2008.

A Petition for a Writ of Habeas Corpus requires a filing fee of $5.00. After reviewing the affidavit in support of the application to proceed in forma pauperis, the Court concludes that the Petitioner is unable to pay the filing fee. Accordingly, his motion to proceed in forma pauperis is granted.

A review of Petitioner's federal habeas petition reveals that Petitioner has not fully exhausted his state remedies. A prisoner is required to exhaust the remedies available to him in the state courts before he files a writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has held that § 2254's exhaustion requirement requires "state prisoners to give the state courts one full opportunity to resolve any constitutional

issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the State. Id.

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N. C. Gen. Stat. § 7A-31; N.C. Gen. Stat. § 15A-1422.

In his Petition for a Writ of Habeas Corpus, Petitioner indicates that he directly appealed his case to the North Carolina Court of Appeals. Petitioner also indicates, however, that he did not petition the North Carolina Supreme Court for discretionary review. Petitioner thus did not fully exhaust his state court remedies through the direct appeal process.

With regard to the state collateral review process, Petitioner indicates on his petition form that he filed a Motion for Appropriate Relief (MAR). He does not indicate, however, that he appealed the denial of his MAR to the North Carolina Court of Appeals by filing a writ of certiorari.[1] The Court therefore concludes, based upon the evidence provided to the Court by the Petitioner himself, that he has failed to fully exhaust his state court remedies through the state post-conviction process.

---

[1] Research indicates that Petitioner did file a writ of certiorari with the North Carolina Supreme Court to review the denial of his MAR. The appeal of the denial of a MAR is properly filed with the North Carolina Court of Appeals and as such this filing does not serve to exhaust his claims through the post-conviction process.

The Court therefore concludes, based upon the evidence provided to the Court by the Petitioner himself, that he has failed to fully exhaust his state court remedies and his federal habeas petition must be dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Application to Proceed In Forma Pauperis is **GRANTED**;

2. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** without prejudice for failure to exhaust; and

3. Petitioner's Motion for Leave for Discovery is **DENIED** as moot.

Signed: June 23, 2008

Graham C. Mullen
United States District Judge